Wolin v Tri Star Constr. Corp. (2022 NY Slip Op 03582)





Wolin v Tri Star Constr. Corp.


2022 NY Slip Op 03582


Decided on June 02, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 


Index No. 160122/15, 595145/17 Appeal No. 16066 Case No. 2021-01317 

[*1]William Wolin et al., Plaintiffs-Appellants,
v
Tri Star Construction Corp., et al., Defendants, AXA Financial, Inc., Defendant-Respondent. CBRE, Inc., et al., Nonparty-Respondents.
Tri Star Construction Corp., Third-Party Plaintiff,
v
Kaback Enterprises, Inc., Third-Party Defendant-Respondent.


Brody, O'Connor & O'Connor, Northport (Scott A. Brody of counsel), for appellants.
Cartafalsa, Turpin & Lenoff, New York (Renee E. DeMott of counsel), for AXA Financial, Inc., and 787 Holdings, LLC, respondents.
Sheeley LLP, New York (Jon D. Lichtenstein of counsel), for CBRE, Inc., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Kaback Enterprises, Inc., respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered September 22, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to amend their complaint to add 787 Holdings, LLC and CBRE, Inc. as named defendants, unanimously affirmed, without costs.
In seeking to add 787 Holdings and CBRE as named defendants after the statute of limitations had expired on their claims, plaintiffs failed to satisfy the requirements of CPLR 203(b) (see Buran v Coupal, 87 NY2d 173, 177-178 [1995]; C & J Bros., Inc. v Hunts Point Term. Produce Coop. Assn., 202 AD3d 432 [1st Dept 2022]). Notwithstanding the fact that plaintiffs had discontinued an action against those entities years earlier, they are not related to the current defendants. Plaintiffs contend that counsel for CBRE informed them that the accident at issue occurred at a neighboring building, a statement upon which they detrimentally relied. However, the problem with identifying the location of the accident was well known, and the court ordered a site inspection to allow plaintiffs to determine where the accident occurred. Only after that inspection did plaintiffs amend their complaint to place the accident at a neighboring building and discontinue their action against 787 Holdings and CBRE. Thus, there was no reliance upon the assertions of counsel for CBRE. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022